# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MARGARITA BRUNO-CONCEPCION,**

**Debtor-Apellant,**

v.

**BANCO POPULAR DE PUERTO RICO.**

**Defendant-Appellee.**

Civ. No. 20-1473 (ADC)

## OPINION AND ORDER

Appellant Margarita Bruno-Concepción ("appellant") filed a voluntary petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code. *In re: Margarita Bruno-Concepción*, Case No. 19-6453 (BKT-13). On November 2, 2019, appellant initiated an adversary proceeding against Banco Popular de Puerto Rico ("appellee") within the Bankruptcy Case, Adversary Case No. 19-0447. On August 25, 2020, the Bankruptcy Court entered Judgment dismissing the adversary proceeding filed by appellant pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to bankruptcy proceedings under Fed. R. Bank. 7012. **ECF No. 1-3**.[1]

Appellant filed a notice of appeal and a statement of election to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel ("Notice of Appeal"). **ECF No. 1-1**. According to the Notice of Appeal, appellant seeks review of the

---

[1] Appellant's Chapter 13 Bankruptcy Case was also dismissed. *See* **ECF No.** 6 at 2.

Bankruptcy Court Judgment entered on August 25, 2020 dismissing her adversary proceeding. **ECF No. 1**. However, on August 28, 2020 the Bankruptcy Court issued a "Certification of Transmittal of Incomplete Record on Appeal to District Court, where the Bankruptcy Court Clerk certified that appellant "has not complied by failing to file a designation of the items to be included on the Record on Appeal and a Statement of Issue." **ECF No. 4**. On September 18, 2020, appellant filed an informative motion. **ECF No. 3**. However, on October 23, 2020, the Bankruptcy Court Clerk issued a second certification attesting to appellant's failures in "designat[ing] [] the items to be included on the Record on Appeal and a Statement of Issue." **ECF No. 5.**

On January 4, 2021, appellee filed a motion to dismiss the instant appeal for failure to prosecute. **ECF No. 6**. Appellee argued that "[a]fter filing her Notice of Appeal over four months ago, [appellant] has not prosecuted her Appeal" and that the record reflects her "consistent failure to comply with the Federal Bankruptcy Rules' and this Court-imposed deadlines." *Id*. at 1. Appellee added that appellant's "statement of issues on appeal is still outstanding, the record on appeal remains undesignated, and her appellate brief is also overdue." *Id*.

Appellant did not oppose or move for an extension of time to do so within the time provided by the Fed. R. Civ. P. and Local Rules. Thus, appellee moved the Court to summarily grant the unopposed motion to dismiss. **ECF No. 8**. On January 21, 2021, appellant filed her appellate brief. **ECF No. 9**. On that same date, appellant moved for an extension of time to file a response to appellee's motion to dismiss. **ECF No. 10**. Appellant's only explanation as to the untimeliness of her request was that counsel had "other obligations," which apparently

prevented counsel from complying with the deadlines or seeking an extension of time. *Id*. at 1. Notably, however, appellant failed to file her response within the time she requested.

Appellee filed a motion in opposition to appellant's late request for an extension of time questioning appellant's justification for her tardiness. **ECF No. 12.** Appellee also moved the Court to hold in abeyance appellee's brief pending resolution of the motion to dismiss. **ECF No. 13**.

Even though appellant's request for an extension to oppose the motion to dismiss came unjustifiably late, the Court, "in the interest of justice," granted appellant a second and "final" opportunity to file a response. The Court granted appellant until February 10, 2021 to comply. The Court warned appellant "that failure to file her opposition to the motion to dismiss by said date will entail deeming the appellee's motion unposed." **ECF No. 14**.

February 10, 2021, came and went without appellant filing her response to the motion to dismiss or a motion for an extension of time. On February 11, 2021, appellee again moved the court to summarily grant as unopposed its motion to dismiss. **ECF No. 15**.

Two weeks later, on February 26, 2021, appellant finally filed a motion "in compliance" and a response to the motion to dismiss. **ECF Nos. 16, 17**. However, appellant failed to designate a complete appellate record.

Because of appellant's blatant disregard of the applicable rules, orders of the Court, and the proceedings in general, the Court found it necessary to yet again enter an Order instructing appellant to comply with her obligation as appellant in this appeal. Accordingly, on March 10,

2021, the Court entered and Order noting that "despite appellant's averments on these issues at ECF No. 16, she has yet to designate the complete appellate record or file the statement of the issues to be considered on appeal." **ECF No. 18**. At that juncture, the Court ordered appellant to "file the complete appellate record and the statement of the issues to be considered on appeal within 15 days of the entry of this Order." *Id*. The Court explicitly warned appellant that "failure to comply with this Order will entail dismissal of the appeal." *Id*.

To this date, well over three months after the Court entered the Order at **ECF No. 18**, appellant has completely disregarded this Court's orders and has made no filing whatsoever. Appellant's failure to prosecute is inexcusable. Appellant's track record in this case reflects a glaring disregard for the Orders issued by this Court as well as the rules applicable to this case. As a matter of fact, after the case was assigned to the undersigned on September 16, 2020, appellant has failed to meet a single deadline in this case. Even more egregious is the fact that eight months after the Bankruptcy Court issued the incomplete Transmittal of the Notice of Appeal, appellant has not completed the appellate record and is yet to log her statement of issues to be considered On appeal.

Moreover, in her motion in compliance at **ECF No. 16**, appellant, through counsel, admitted her failures and repeatedly represented that such shortcomings "shall be corrected in a separate document." **ECF No. 16** at 5-7. Appellant's counsel explained that "confinement at home due to the pandemic" took a "toll" on him. *Id*. at 4. Nevertheless, he was "getting back up to speed" after receiving the first shot of the available COVID-19 vaccine. *Id*. Yet, almost four

months after making such promises, appellant has not filed a single motion in this case. Nor has counsel moved for an extension of time.

A review of the applicable law together with the numerous warnings entered by the Court support a ruling of dismissal of this case. Fed. Bankr. R. 8009(a)(1) requires the appellant to file, within fourteen days of filing the notice of appeal, "a designation of the items to be included in the record on appeal and a statement of the issues to be presented." To this date, many months after the filing of the notice of appeal, appellant has not filed either the required designation or the statement of issues.

"Failure to designate the record and provide a statement of issues timely 'is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal.'" *Rivera-Siaca v. DCC Operating, Inc.*, 416 B.R. 9, 16 (D.P.R. 2009)(citing Fed. R. Bankr. P. 8001(a), L. R. Bankr. P. 1001–1(f)). Because of its consequences, dismissal of an appeal for failure to comply with statutory filing exigencies "is a harsh sanction and should only be used when a party's misconduct is flagrant and imprudent." *Id.* (citing *See Benítez–García v. González–Vega*, 468 F.3d 1, 5 (1st Cir. 2006); *Colokathis v. Wentworth–Douglass Hosp.*, 693 F.2d 7, 9 (1st Cir. 1982)). The Court should consider "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct ... and the adequacy of lesser sanctions." *Benítez–García*, 468 F.3d at 5 (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2–3 (1st Cir. 1996)).

Dismissal based on a failure to timely file a designation of the items to be included in the record on appeal and a statement of the issues to be presented is not unheard-of in this District. In *In re Advance Cellular Sys., Inc.*, 262 B.R. 10, 16-17 (D.P.R. 2001),[2] a Court within this District dismissed a bankruptcy appeal as sanction for appellant's delay in complying with the Rule 8009 deadline by more than forty days. In that case, the Court reasoned "although the dismissal of the appeal is a severe sanction, it is appropriate under these circumstances." *Id.* Moreover, in *Rivera-Siaca v. DCC Operating, Inc.*, 416 B.R. at 16, another Court in this District held that appellant's conduct warranted dismissal because, among other considerations, "appellants have failed more than once to comply with court rules and deadlines."

Here, the issue is not one of simple tardiness, but rather of complete failure to comply. As discussed before, even after appellant's counsel proffered to be in a position to finally comply, she has failed to do so. Months after recognizing her faults and pleading for a lesser sanction in light of counsel's struggles due the COVID-19 pandemic limitations, the record on appeal is still incomplete due to appellant's admitted noncompliance. Appellee has repeatedly moved the Court to dismiss the case based on appellant's conduct and the Court has denied such requests

---

[2] Citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (affirming dismissal of appeal where appellant did not offer explanation for non-compliance with filing deadlines); *In re Serra Builders*, 970 F.2d 1309, 1311 (1992) (affirming dismissal where appellant (1) filed designation of items fifteen days late; (2) offered excuse that its attorney was out of the country; and (3) did not request an extension of time to file designation before deadline elapsed); *In re Champion*, 895 F.2d 490, 492 (8th Cir. 1990) (*per curiam*) (affirming dismissal where appellant failed to file designation of the record or a statement of the issues).

hoping that appellant would "get up to speed" in the aftermath of the pandemic. However, the Court cannot tolerate appellant's repeated failures and months of delay any longer.

In this case, appellant's prolonged defiance of the applicable rules and this Court's Orders is nothing short of a severe violation. There is no excuse for appellant's numerous violations despite this Court's leniency and numerous warnings. Thus, in light of the fact that lesser measures have proven ineffective, the Court is left with no choice but to dismiss the appeal. *Benítez–García*, 468 F.3d at 5.

For all the above, appellee's motion to dismiss at **ECF No. 6** is hereby **GRANTED**. The appeal is hereby dismissed. The motions at **ECF Nos. 3, 13, 15** are thus **MOOT**.

Clerk of Court is to enter Judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of June 2021.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**